UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, et al., Plaintiffs, | ) ) ) ) ) |
| v. | ) Civil Action No. 1:17cv312 |
| | ) |
| QUALITY 1 MECHANICAL LLC, Defendant. | ) ) |

REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Default Judgment (Dkt. 10) by plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund (collectively "plaintiffs"), against defendant Quality 1 Mechanical LLC ("defendant"). When no representative for defendant appeared at the hearing before the undersigned Magistrate Judge on July 14, 2017, the undersigned took the matter under advisement.[1]

## I. INTRODUCTION

### A. Background

Plaintiffs are the trustees of multi-employer employee benefit plans as those terms are defined in Sections 3(3) and

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiffs' Motion for Default Judgment ("Mot. Default J.") (Dkt. 10), Plaintiffs' Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Mot. Default J.") (Dkt. 11), the Affidavit of Toni C. Inscoe on Behalf of the Plumbers and Pipefitters National Pension Fund ("Inscoe Nat'l Pension Fund Aff.") (Dkt. 11-1), the Affidavit of Toni C. Inscoe on Behalf of the International Training Fund ("Inscoe Int'l Training Fund Aff.") (Dkt. 11-2), the Declaration of Attorney's Fees ("Att. Fees Decl.") (Dkt. 11-3), and all attachments and exhibits submitted with those filings.

3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1-2.) Defendant is a limited liability company existing under the laws of Ohio that transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 3.)

Plaintiffs filed this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements. (Compl. ¶ 4; Mem. Supp. Mot. Default J. 1.) Plaintiffs seek contributions, interest, and late fees owed to employee benefit funds pursuant to defendant's collective bargaining agreement with United Association Local Union No. 189 ("Collective Bargaining Agreement") and the Restated Agreement and Declaration of Trust establishing the National Pension Fund ("the Trust Agreement") to which defendant is accordingly bound, plus attorneys' fees and costs. (Mot. Default J. ¶ 1; Mem. Supp. Mot. Default J. 1, 3; Inscoe Nat'l Pension Fund Aff. ¶¶ 2-3; Inscoe Int'l Training Fund Aff. ¶¶ 2-3.)

## B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any

district court of the United States in which the relevant
benefit plan is administered, where the alleged breach took
place, or where a defendant resides or may be found. In this
case, jurisdiction and venue are proper because each Fund is
administered in this District. (Compl. ¶¶ 1-2, 4.)

### C. Service of Process

On April 8, 2017, plaintiffs' private process server served
Patrick M. Pickett, registered agent of defendant, with a copy
of the Complaint and Summons by serving Bryan Shoemaker, who was
authorized by Mr. Pickett to accept. (Dkt. 6; Dkt. 9.)
Therefore, service was proper under 29 U.S.C. § 1132(e)(2),
which provides that process may be served in any district where
a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed
any responsive pleadings in this case. On June 15, 2017, the
Honorable Anthony J. Trenga ordered plaintiffs to immediately
obtain a default from the Clerk then file a motion for default
judgment. (Dkt. 7.) On June 28, 2017, the Clerk of this Court
entered default pursuant to plaintiffs' Request for Entry of
Default and Federal Rule of Civil Procedure 55(a). (Dkt. 9.)
Plaintiffs filed a Motion for Default Judgment on June 30, 2017.
(Dkt. 10.)

## II. FINDINGS

Based on the Complaint, the Motion for Default Judgment, the Memorandum in Support of Motion for Default Judgment, the Affidavits of Toni C. Inscoe, and the Declaration of Attorney's Fees, the undersigned Magistrate Judge makes the following findings.

Defendant is an Ohio limited liability company with an office in Columbus, Ohio. (Compl. ¶ 3.) Defendant transacts business as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined by the LMRA and ERISA. (Id.) Defendant is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 189, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Id. at ¶ 5.)

The Collective Bargaining Agreement and the Trust Agreements (collectively "Agreements"), which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by employees of defendant, as well as liquidated damages, interest, costs, and attorneys' fees. (Id. at ¶¶ 6-8, 12-14, 16, 17-20; Inscoe Nat'l Pension Fund Aff. ¶¶ 2-4, 10-11; Inscoe Int'l Training Fund Aff. ¶¶ 2-4, 10-12.) Pursuant to the Agreements,

4

plaintiffs now seek to collect unpaid contributions, liquidated damages, interest, costs, and attorneys' fees. (Mem. Supp. Mot. Default J. 3.)

### A. Amounts Due to Plaintiff National Pension Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to plaintiff National Pension Fund for the months of June 2016 through January 2017 on behalf of members in Local 189's jurisdiction. (Compl. ¶ 9.) Pursuant to remittance reports submitted by defendant, the total amount of defendant's contributions owed to the National Pension Fund for the months of November 2016 through January 2017 is in the amount of $4,018.61. (Inscoe Nat'l Pension Fund Aff. ¶¶ 5-6.)

Under the Agreements, defendant must also pay liquidated damages to the National Pension Fund on any unpaid or delinquent contributions.[2] In this case, the amount of liquidated damages is $786.97. (Id. at ¶ 10.)

Additionally, defendant is obligated under the Agreements to pay interest to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or July 14, 2017 and continuing to accrue at that rate through the date of

---

[2] Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in May 2009, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Inscoe Nat'l Pension Fund Aff. ¶ 10.)

payment. (Id.) The total amount of this interest, calculated through the date of payment or July 14, 2017, is $617.38. (Id.)

**B.    Amounts Due to Plaintiff International Training Fund**

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to plaintiff International Training Fund for the months of November 2016 through January 2017 on behalf of members in Local 189's jurisdiction. (Compl. ¶ 16.) Pursuant to remittance reports submitted by defendant, the total amount of defendant's contributions owed to the International Training Fund for the months of November 2016 through January 2017 is in the amount of $212.63. (Inscoe Int'l Training Fund Aff. ¶¶ 5-6.)

Under the Agreements, defendant must also pay liquidated damages to the International Training Fund on any unpaid or delinquent contributions.[3] In this case, the amount of liquidated damages is $42.53. (Id. at ¶ 11.)

Additionally, defendant is obligated under the Agreements to pay interest to the International Training Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or July 14, 2017 and continuing to accrue at that rate through the date of payment. (Id.) The total amount of this interest, calculated

_____

[3] Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, liquidated damages are assessed at the rate of twenty percent (20%) of the amount due. (Inscoe Int'l Training Fund Aff. ¶ 10.)

through the date of payment or July 14, 2017, is $12.26. (Id.)

## C. **Attorneys' Fees and Costs**

In addition, plaintiffs seek $2,792.50 in attorneys' fees and $638.79 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g). (Mem. Supp. Mot. Default J. 2-3; Att. Fee Decl. ¶¶ 5-9.) The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

## III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a total of $5,422.96. Specifically, the undersigned recommends that plaintiff National Pension Fund should recover from defendant $4,018.61, the sum of unpaid contributions for the months of November 2016 through January 2017, $786.97 in liquidated damages, and $617.38 in interest accrued at a rate of twelve percent (12%) per annum from the date due through July 14, 2017, and continuing to accrue through the date of payment.

The undersigned Magistrate Judge recommends that plaintiff Trustees of the International Training Fund should recover from defendant a total of $267.42. Specifically, the undersigned recommends that plaintiff International Training Fund should recover from defendant $212.63, the sum of unpaid contributions

7

for the months of November 2016 through January 2017, $42.53 in liquidated damages, and $12.26 in interest accrued at a rate of twelve percent (12%) per annum from the date due through July 14, 2017, and continuing to accrue through the date of payment.

Finally, the undersigned recommends that plaintiffs recover $2,792.50 in attorneys' fees and $638.79 in costs.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

    Quality 1 Mechanical LLC
    5522 Shagbark Place
    Groveport, OH 43125-9396

    Patrick M. Pickett
    Registered Agent
    2 Miranova Place, Suite 700
    Columbus, OH 43215

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

July 3, 2017
Alexandria, Virginia

9